**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| DEANTE KIEVON CLAY, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.  5:20-CV-00043-RWS |
| | § | |
| v. | § | |
| | § | |
| TDCJ-CID DIRECTOR, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Deante Kievon Clay, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of the Court.  The Magistrate Judge has submitted a Report and Recommendation recommending that the petition be denied because Clay is not eligible for release on mandatory supervision, meaning that the punishment he received as a result of his prison disciplinary conviction did not implicate a protected liberty interest, and he was not entitled to due process before receiving such punishment.  Docket No. 3.

The Court has considered the Report and Recommendation of the United States Magistrate Judge along with the record and pleadings. Clay received the Report and Recommendation on April 28, 2020, and acknowledged receipt on May 4, 2020.  Docket No. 4.  No parties filed objections to the Report and Recommendation.  Accordingly, Clay is not entitled to *de novo* review by the District Judge of those findings, conclusions and recommendations, and except upon

grounds of plain error, he is barred from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court.

Nonetheless, the Court has reviewed the pleadings in this case and the Report of the Magistrate Judge and agrees with the Report of the Magistrate Judge. *See United States v. Raddatz*, 447 U.S. 667, 683 (1980) ("[T]he statute permits the district court to give to the magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sound discretion of the judge warrants . . . .' ") (quoting *Mathews v. Weber*, 23 U.S. 261, 275 (1976)).

Additionally, the Court finds that Clay is not entitled to a certificate of appealability. An appeal from a judgment denying habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C.§ 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate he would prevail on the merits. Rather, he must demonstrate the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions raised are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner. *See Miller v. Johnson*, 200 F.3d 274, 280-81.

In this case, Clay has not shown that the issue of whether his petition is meritorious is subject to debate among jurists of reason. Nor has he shown that the questions presented are worthy of encouragement to proceed further. Therefore, Clay has failed to make a sufficient

showing to merit the issuance of a certificate of appealability.   Accordingly, a certificate of appealability will not be issued.

The Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court.  Accordingly, it is

**ORDERED** that Clay's petition for writ of habeas corpus is **DENIED**.

**So ORDERED and SIGNED this 6th day of July, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE